*Nos. 23-35097, 23-35130*

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BRUCE GILLEY,

*Plaintiff-Appellant/Cross-Appellee,*

v.

TOVA STABIN, ET AL.,

*Defendants-Appellees/Cross-Appellants.*

On Appeal from a Preliminary Injunction Denial
of the United States District Court
for the District of Oregon,
Hon. Marco A. Hernandez
Case No. 3:22-cv-01181-HZ

## DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFF-APPELLANT'S MOTION−DISMISS CROSS-APPEAL FOR LACK OF JURISDICTION

D. Angus Lee (OSB # 213139)
ANGUS LEE LAW FIRM, PLLC
9105 NE Highway 99, Suite 200
Vancouver, WA 98665-8974
Telephone: (360) 635-6464

Endel Kolde
Stephanie Brown
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, DC 20026
Telephone: (202) 301-3300

   *Attorneys for Bruce Gilley*

Misha Isaak (OSB # 086430)
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380

*Attorneys for tova stabin and Communication Manager of the University of Oregon's Division of Equity and Inclusion*

## I. INTRODUCTION

Plaintiff Bruce Gilley moves to dismiss the cross-appeal filed by defendants tova stabin[1] and the Communication Manager of the University of Oregon's Division of Equity and Inclusion (collectively, the "University") on the ground that there is no appellate jurisdiction to review the district court's denial of the University's motion to dismiss for lack of subject-matter jurisdiction. Gilley is wrong; his argument is squarely foreclosed by binding circuit precedents including *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (9th Cir. 2005), and *Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2004). These cases and others hold that where there is appellate jurisdiction over an interlocutory appeal—as there is here—questions of subject-matter jurisdiction are reviewable under the doctrine of pendent appellate jurisdiction.

## II. BACKGROUND

Gilley sued the University for violation of his First Amendment right to free speech after he was temporarily blocked from interacting with a Twitter sub-account of the University of Oregon's Division of Equity and Inclusion. DC ECF #1, 29.[2] The Twitter sub-account was managed by tova stabin, who made the

---

[1] Ms. stabin styles her name with lower-case letters.
[2] All record citations are to the district court's electronic case file ("DC ECF"). When citing page numbers of documents filed at the district court, ECF page numbers (which appear in blue at the top of each page) are used.

decision to block Gilley on her own, without consulting or notifying any other University officials. DC ECF #60 at 64:5-18. She blocked Gilley because she thought his post was off-topic and therefore disruptive. *Id.* at 24:8-25:4. stabin is now retired and no longer works at the University. *Id,* at 66:3-9. Gilley seeks an award of damages against stabin for $17.91 and prospective relief against the University.³ DC ECF #1, 29.

If Gilley had alerted University administrators that stabin had blocked him, they immediately would have directed that he be unblocked. DC ECF #48-1 at 178:23-179:3, 199:18-200:9. But Gilley, who has made a name for himself as a provocateur and crusader against "cancel culture," saw the situation as a "made in Heaven" opportunity to promote himself as a victim of cancel culture once again. DC ECF #60 88:2-12, 86:7-87:19. Thus, rather than contact University administrators to restore his access to the Twitter sub-account, Gilley sued. DC ECF #60 at 82:25-83:13. As soon as University administrators learned that Gilley had been blocked—when they heard about Gilley's suit through media inquiries

---

³ Formally, prospective relief is sought against the "Communication Manager of the University of Oregon's Division of Equity and Inclusion" in their official capacity. Sovereign immunity requires that Gilley bring claims for prospective relief against an individual university official, despite that the University is the real party in interest. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Gilley named the "Communication Manager" because stabin is retired and her position has not yet been filled. Regardless of this formality, only damages are sought against stabin and only prospective relief is sought against the University.

before the University was even served—they directed that he be unblocked. DC ECF #19 ¶ 4. The University restored Gilley's ability to view and interact with the Twitter sub-account one day after learning that he had been blocked. *Id*. The University also sent him $20 to fulfill his demand for $17.91 in nominal damages. DC ECF #19-2 at 2.

Gilley's claims having been rendered moot, the University promptly moved to dismiss the case for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). DC ECF #23. Gilley moved for a preliminary injunction. DC ECF #2, 7. The district court heard both motions together and, in a single order, denied them both. DC ECF #57. The district court decided that the case was not moot and that Gilley was not entitled to a preliminary injunction. *Id*.

Gilley appealed the denial of his motion for preliminary injunction, pursuant to 28 U.S.C. § 1292(a). DC ECF #58. The University then cross-appealed the denial of its motion to dismiss for lack of subject-matter jurisdiction, pursuant to the doctrine of pendent appellate jurisdiction. DC ECF #61.

### III. ARGUMENT

**A.    This Court Has Pendent Appellate Jurisdiction to Decide Subject-Matter Jurisdiction.**

    **1.    Binding Circuit Precedent Holds That Pendent Appellate Jurisdiction Covers Questions of Subject-Matter Jurisdiction.**

"Pendent appellate jurisdiction refers to the exercise of jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal, but may be

3

reviewed on interlocutory appeal if raised in conjunction with other issues properly before the court." *Meredith v. Oregon*, 321 F.3d 807, 812 (9th Cir.), *amended sub nom.* 326 F.3d 1030 (9th Cir. 2003) (citation omitted). Specifically, when an order granting or denying a preliminary injunction is appealed pursuant to 28 U.S.C. § 1292(a)—as occurred in this case—appellate jurisdiction covers not just the underlying motion and order, but "extends to all matters 'inextricably bound up' with the order from which appeal is taken[.]" *TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913 F.2d 676, 680 (9th Cir. 1990) (citation omitted).

Subject-matter jurisdiction is such a matter. Although a district court's order denying a motion to dismiss for lack of jurisdiction is not ordinarily appealable by itself, this Court has held in several cases that there is pendent appellate jurisdiction over questions of subject-matter jurisdiction when an appeal properly seeks review of another interlocutory matter. In *Smith v. Arthur Andersen LLP*, 421 F.3d 989 (9th Cir. 2005), one group of defendants appealed an interlocutory order granting an injunction pursuant to 28 U.S.C. § 1292(a)(1), while a second group of defendants used the appeal to challenge subject-matter jurisdiction. This Court concluded that it had pendent appellate jurisdiction over questions of subject-matter jurisdiction because "resolution of subject matter jurisdiction is 'necessary to ensure meaningful review of' the district court's interlocutory rulings[.]" *Id.* at 998 (cleaned up) (quoting *Meredith*, 321 F.3d at 812). The Court explained that it

4

must have jurisdiction to review jurisdiction because, "if appellate courts lack [subject-matter] jurisdiction, they cannot review the merits of these properly appealed rulings." *Id.*

Likewise, in *Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2004), this Court ruled that it had pendent appellate jurisdiction to decide a challenge to subject-matter jurisdiction in an interlocutory appeal of a denial of qualified immunity. The Court acknowledged that the district court's order denying a motion to dismiss for lack of jurisdiction is itself not appealable. *Id.* Nonetheless, the Court had pendent appellate jurisdiction to review the issue because deciding subject-matter jurisdiction was "necessary to ensure meaningful review of" the issue directly on appeal. *Id.* (quoting *Meredith*, 321 F.3d at 812-13).

Other circuits agree. The Tenth Circuit has said: "'[B]ecause we have appellate jurisdiction over the interlocutory appeal …, we also have pendent appellate jurisdiction to determine whether the district court had subject matter jurisdiction over the State's underlying claim against defendants in the first instance.'" *Oklahoma ex rel. Edmondson v. Magnolia Marine Transp. Co.*, 359 F.3d 1237, 1239 (10th Cir. 2004) (quoting *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002)) (brackets omitted). Likewise, the Fifth Circuit has said: "[W]here, as in the instant case, we have interlocutory appellate jurisdiction to review a district court's denial of Eleventh Amendment immunity, we may first

5

determine whether there is federal subject matter jurisdiction over the underlying case." *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002).

The reasoning of these decisions is sound. "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review[.]'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)). Indeed, even when the parties do not raise jurisdictional issues, including mootness, this Court must raise them sua sponte. *Bernhardt v. County of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002). Accordingly, there must be appellate jurisdiction to decide jurisdiction, regardless of whether the district court's order resolving the issue would have been appealable standing alone.[4]

Here, there is a substantial question whether this case (including the matter on appeal) is moot. This calls into question this Court's subject-matter jurisdiction, that is, its constitutional authority to decide the case at bar. *See Liner v. Jafco, Inc.*,

---

[4] The Supreme Court's most recent discussion of pendent jurisdiction is in *Swint v. Chambers County Commission*, 514 U.S. 35 (1995). There, the Court includes a string-cite of its precedents upholding appellate review of matters pendent to the matter independently subject to appeal. *Id.* at 50. Of the five cases cited, two are cases in which the pendent issue is subject-matter jurisdiction. *Id.* (citing *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578 (1954), and *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 287 (1940)). In fact, in one of those cases, *Deckert*, the matter subject to interlocutory appeal was a preliminary injunction—just as in this case. These precedents further support the rule that subject-matter jurisdiction is reviewable as a pendent matter.

375 U.S. 301, 306 (1964) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009) ("Federal courts lack [subject-matter] jurisdiction to consider moot claims."). As in *Smith*, 421 F.3d at 997, *Wong*, 373 F.3d at 960, and the precedents they cite, the Court here has pendent appellate jurisdiction to decide subject-matter jurisdiction because it is "necessary to ensure meaningful review of" the district court's denial of Gilley's motion for preliminary injunction.

    **2.    Even Without Circuit Precedent On Point, the Court Would Still Have Pendent Appellate Jurisdiction to Decide Subject-Matter Jurisdiction.**

The Court need not read further. Binding circuit precedents like *Smith*, 421 F.3d at 997, and *Wong*, 373 F.3d at 960, are dispositive of this motion. However, even without these on-point authorities, there still would be pendent appellate jurisdiction over subject-matter jurisdiction in this case.

The usual test for pendent appellate jurisdiction comes from *Cunningham v. Gates* and asks whether the issue directly appealed and the pendent issue are (a) "so intertwined that [the Court] must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue." 229

7

F.3d 1271, 1285 (9th Cir. 2000).[5] To be clear, where the pendent issue is subject-matter jurisdiction, appellate jurisdiction is automatic and *Cunningham* does not supply the controlling test—this Court said so in *Wong*, 373 F.3d at 960.

But even if the *Cunningham* test were controlling, this Court would still have pendent appellate jurisdiction to review the district court's order denying a motion to dismiss for lack of subject-matter jurisdiction. The reason is that in this case, both Gilley's entitlement to a preliminary injunction and subject-matter jurisdiction (that is, mootness) turn on the same question: whether it is reasonably likely that Gilley will suffer harm in the future.

Recall what this case is about: Gilley was blocked from interacting with a University Twitter sub-account, then unblocked, and has not been blocked since. Meanwhile, the employee who made the decision on her own to block Gilley retired and no longer works at the University. The position has not yet been filled and so no one is managing the dormant Twitter sub-account. After learning Gilley was blocked by hearing about his suit from local media, University administrators reminded social media managers of the University's longstanding policy against blocking people on account of viewpoint. Despite being given the opportunity to conduct document discovery, take depositions, and call witnesses at an evidentiary hearing, Gilley produced no evidence that he will ever again be blocked from

---

[5] This is the test quoted in the Court's scheduling order of February 22, 2023.

8

interacting with the Twitter sub-account, much less for impermissible reasons. The district court said as much in the order on review. *See* DC ECF #57 at 32 ("Plaintiff fails to establish that he is likely to suffer irreparable harm in the future."), 33 ("These actions point to a low likelihood that Plaintiff will be blocked again.") ("[T]he circumstances indicate that Defendant stabin's blocking of Plaintiff was an anomaly. … There is no evidence indicating otherwise."), 34 ("[I]t would be speculative to conclude that this unknown successor is likely to block Plaintiff on Twitter again. Plaintiff has not met his burden to show that he is likely to be blocked in the future.").

If there is no reasonable likelihood that Gilley will again be blocked by the Twitter sub-account, that has consequences for **both** Gilley's motion for preliminary injunction **and** the mootness of his claim. For the motion for preliminary injunction, Gilley cannot show irreparable injury—a necessary element of a preliminary injunction—if there is no reasonable likelihood that he will be blocked again. *See Nat'l Wildlife Fed'n v. Burlington N. R.R.*, 23 F.3d 1508, 1511 (9th Cir. 1994) ("To prevail [on a motion for preliminary injunction], [the plaintiff] must prove that there is ***a reasonable likelihood of future violations*** of the [law]." (emphasis added)); *accord SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980) ("In order to obtain a permanent injunction …, the [plaintiff] had the burden of showing there was a ***reasonable likelihood of future violations*** of the

9

securities laws." (emphasis added)).

And, if there is no reasonable likelihood that he will be blocked again, his claim is moot. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) (finding mootness where the plaintiff "has n[ot] shown that he is ***reasonably likely to be subjected once again*** to the conduct alleged as the basis for his claim" (emphasis added)); *Thorsted v. Munro*, 75 F.3d 454, 456 (9th Cir. 1996) (concluding that a case was not moot because the plaintiff "faces a ***reasonable likelihood of future injury***" (emphasis added)).

Thus, in this case, "resolution of the issue properly raised on interlocutory appeal"—i.e., whether it is reasonably likely that Gilley will again be blocked by the Twitter sub-account—"necessarily resolves the pendent issue"—i.e., whether Gilley's claim is moot. *Cunningham*, 229 F.3d at 1285. Accordingly, even under the usual test for pendent jurisdiction, appellate jurisdiction to decide mootness is present here.

**B.**  **Even if the Doctrine of Pendent Appellate Jurisdiction Did Not Apply (As It Does), the Court Would Still Have Jurisdiction to Decide Subject-Matter Jurisdiction.**

As mentioned, a federal appellate court must satisfy itself that it and the district court have subject-matter jurisdiction. *See Bender*, 475 U.S. at 541. Though circuit courts uniformly find appellate jurisdiction to consider subject-matter jurisdiction, some frame the analysis as a matter of pendent jurisdiction and some

do not. Judge Wilkinson has noted this division:

> "Even when faced with a[n interlocutory] appeal, we are not relieved of the duty to ask first whether the district courts and then whether our court have Article III jurisdiction to hear these cases. … Some [federal appellate] courts have considered jurisdictional questions by exercising pendent appellate jurisdiction over the question, reasoning that determining subject matter jurisdiction is "necessary to ensure meaningful review" of the immunity question. *See Kwai Fun Wong*, 373 F.3d at 960–61; *Timpanogos Tribe* [*v. Conway*], 286 F.3d [1195,] 1201 [(10th Cir. 2002)]. Other courts have considered it because of their inherent power and obligation under *Steel Co.* [*v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)], to consider jurisdiction. *See Hospitality House* [*v. Gilbert*], 298 F.3d [424,] 429–30 [(5th Cir. 2002)]. **The result is the same under either approach.**"

*Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 267 & n.5 (4th Cir. 2012) (Wilkinson, J., dissenting) (emphasis added). Judge Wilkinson is right—the result is the same. Regardless of whether pendent jurisdiction supplies the operative doctrine, this Court has jurisdiction to consider (and indeed must consider) subject-matter jurisdiction.

The alternative would be absurd. Consider for a moment if Gilley were right and this Court's role in this appeal were to decide only whether Gilley is entitled to a preliminary injunction, without deciding subject-matter jurisdiction. Now imagine that Gilley wins his appeal and the case is remanded to the district court with instructions to enter a preliminary injunction. The University's next move

11

would be a motion to dissolve the injunction on grounds that there is no subject-matter jurisdiction. If that motion were denied (or granted), the district court's order would be appealable and we would be back before the Ninth Circuit litigating the jurisdiction question. *See Alto v. Black*, 738 F.3d 1111, 1122 (9th Cir. 2013) (finding appellate jurisdiction to decide subject-matter jurisdiction where a district court denied a motion to dissolve a preliminary injunction over objections to subject-matter jurisdiction, and the district court's order was appealed pursuant to 28 U.S.C. § 1292(a)(1)). Thus, even if Gilley were right, he could not evade interlocutory appellate review of the jurisdictional question; rather, he would just drag the litigation through successive interlocutory appeals.

    Fortunately, Gilley is not right. There is pendent appellate jurisdiction over subject-matter jurisdiction here and, even if there weren't, this Court would still need to decide subject-matter jurisdiction. *See Al Shimari*, 679 F.3d at 267 & n.5 (Wilkinson, J., dissenting) ("The result is the same under either approach."). A cross-appeal is the appropriate procedural mechanism to present the issue, *see Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997) (sustaining cross-appeal based on doctrine of pendant appellate jurisdiction); *Jackson v. Humphrey*, 776 F.3d 1232, 1239 (11th Cir. 2015) (same), and, therefore, Gilley's motion to dismiss the University's cross-appeal should be denied.

## IV. CONCLUSION

The University is compelled to make one final point.

This case—like this motion—is an extraordinary use of public resources. Gilley was blocked from interacting with a low-traffic social media sub-account, for a brief period, once. If he had promptly escalated the issue, University administrators immediately would have directed that he be unblocked. Indeed, as soon as they became aware of it, they did immediately direct that he be unblocked. The University then requested that Gilley withdraw his suit and, within weeks, filed a motion to dismiss this moot case. Months have now passed and, in the meantime, the University has participated in document discovery and depositions, litigated a motion for preliminary injunction, and now this appeal. All in a case that, Gilley admits, is not even about his desire to interact with the Twitter sub-account; it is about his desire to make a point. DC ECF #60 at 88:5-12.

This motion illustrates the problem. Despite that the University's notice of cross-appeal identifies pendent appellate jurisdiction and cites cases as the basis for the University's right to file cross-appeal, Gilley fired off a motion to dismiss that does not even contain the words "pendent appellate jurisdiction," much less argue that the cross-appeal is an improper application of the doctrine. Nonetheless, the University has done the work of identifying on-point case authorities and responding with this 14-page brief, as it will continue to expend public resources

13

litigating this case to its conclusion.

Ultimately, Gilley's motion aims to cut off the University from raising arguments that could now finally bring this moot case to a conclusion. The University has permissible bases for raising these arguments in this cross-appeal, for the reasons discussed above. The University should be heard on these arguments and the Court should deny Gilley's motion to dismiss the University's cross-appeal.

DATED: March 3, 2023.    Respectfully submitted,

*/s/ Misha Isaak*
Misha Isaak (SB # 086430)
STOEL RIVES LLP
760 S.W. 9th Avenue, Suite 3000
Portland, OR 97205
(T) (503) 224-3380

*Attorneys for Defendants-Appellees/Cross-Appellants tova stabin and Communication Manager of the University of Oregon's Division of Equity and Inclusion*

14

## CERTIFICATE OF COMPLIANCE

This motion's page-length complies with Fed. R. App. P. 27(d)(1)). This motion's type size and typeface comply with Fed. R. App. P. 27(d)(1) and 32(a)(5).

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(1).

DATED: March 3, 2023.                    Respectfully submitted,


*/s/ Misha Isaak*
Misha Isaak (SB # 086430)
STOEL RIVES LLP
760 S.W. 9th Avenue, Suite 3000
Portland, OR 97205
(T) (503) 224-3380

*Attorneys for Defendants-Appellees/Cross-Appellants tova stabin and Communication Manager of the University of Oregon's Division of Equity and Inclusion*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: March 3, 2023.  Respectfully submitted,

*/s/ Misha Isaak*
Misha Isaak (SB # 086430)
STOEL RIVES LLP
760 S.W. 9th Avenue, Suite 3000
Portland, OR 97205
(T) (503) 224-3380

*Attorneys for Defendants-Appellees/Cross-Appellants tova stabin and Communication Manager of the University of Oregon's Division of Equity and Inclusion*

118619955.1 0079895-00001