No. 23-35097, 23-35130

# In the United States Court of Appeals for the Ninth Circuit

---

BRUCE GILLEY,

*Plaintiff-Appellant/Cross-Appellee,*

v.

TOVA STABIN, ET AL.,

*Defendants-Appellees/Cross-Appellants.*

---

Appeal from an Order of the United States District Court
for the District of Oregon, The Hon. Marco A. Hernandez
(Dist. Ct. No. 3:22-cv-01181-HZ)

---

PLAINTIFF-APPELLANT'S RESPONSE IN OPPOSITION TO DEFENDANTS-
APPELLEES' MOTION FOR EXTENSION OF TIME TO FILE COMBINED
ANSWERING BRIEF AND OPENING BRIEF ON CROSS-APPEAL

---

D. Angus Lee
ANGUS LEE LAW FIRM, PLLC
9105 NE Highway 99, Suite 200
Vancouver, WA 98665-8974
(360) 635-6464
angus@angusleelaw.com

April 20, 2023

Endel Kolde
Stephanie Brown
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., N.W., Ste. 801
Washington, DC 20036
202-301-3300
dkolde@ifs.org
sbrown@ifs.org

Plaintiff-Appellant Bruce Gilley opposes the University Defendants'
motion for extension of time because Gilley is currently experiencing
ongoing harm in the form of self-censorship while awaiting the Court's
decision on the merits, and Defendants have already received a de facto
extension of time when they filed their cross-appeal. Moreover, Mr.
Carp's workload, by itself, does not meet the "diligence and substantial
need" standard under Ninth Cir. R. 31-2.2(b), because two other
attorneys of record from well-resourced law firms represent the
University of Oregon (UO).

## I.   GILLEY IS EXPERIENCING ONGOING HARM

Time is of the essence. Gilley is self-censoring from interacting with
the @UOEquity account because he believes UO's social media
guidelines could be used to block or permanently ban him from making
DEI-critical comments in the interactive portions of the @UOEquity
Twitter account.[1] Ninth Cir. Dkt. 12 at 21-25, 31. The threat of a speech
restriction's enforcement irreparably harms people whose speech might
be chilled, even in the absence of enforcement. *See, e.g., Cuviello v. City*

---

[1] "DEI" stands for the ideology of diversity, equity, and inclusion.
Ninth Cir. Dkt. 12 at 13; *see also* Ninth Cir. Dkt. 13-3 at 103.

*of Vallejo*, 944 F.3d 816, 832-33 (9th Cir. 2019); *see also* Ninth Cir. Dkt. 12 at 66 (for detailed analysis of irreparable harm). Self-censorship presently harms Gilley and he seeks reversal of the district court's denial of preliminary injunction. Ninth Cir. Dkt. 1. UO's request for extension of time should be denied as Gilley is experiencing ongoing harm and further delays magnify that harm.

## II.   DEFENDANTS' CROSS-APPEAL OF A NON-APPEALABLE ORDER HAS ALREADY DE FACTO EXTENDED THE BRIEFING SCHEDULE

Preliminary injunction appeals are supposed to move rapidly. But UO comes to this Court seeking to extend the schedule further, although it has already had Gilley's opening brief for more than a month-and-a-half. The extensions it has already received should suffice.

UO has already slowed this preliminary injunction appeal down. UO's dubious cross-appeal of its motion to dismiss already extended the briefing schedule, and invited Gilley's motion to dismiss, which then stayed the briefing schedule, to UO's sole benefit.

Gilley's notice of appeal from the denial of a preliminary injunction was filed on February 3, 2023. 3-ER-417. The Court's original scheduling order required Gilley's opening brief to be filed March 3,

3

2023, with UO's answering brief due by March 31, and Gilley's optional reply brief due at the latest by April 21 (third stage). Ninth Cir. Dkt. 2 at 1-2.

On February 16, 2023, UO filed its cross-appeal, causing a new scheduling order to be issued, with briefing extending to a fourth stage. Ninth Cir. Dkt. 5 at 2. In response, Gilley filed a motion to dismiss the cross-appeal, arguing that it was an improper interlocutory appeal of a non-final, non-appealable order. Ninth Cir. Dkt. 2-1 at 5. The Court still required Gilley to file his opening brief on March 3, but tolled the remainder of the briefing schedule pending resolution of the motion. Ninth Cir. Dkt. 6 at 2 (citing Ninth Cir. R. 27-11).

On March 29, 2023, the Court denied Gilley's motion to dismiss the cross-appeal without prejudice and set a new briefing schedule, making UO's second stage brief on cross-appeal due on April 26, 2023; which is 26 days after its second stage brief was initially due (and five days after all briefing was to be complete before the cross-appeal was filed). Ninth Cir. Dkt. 18 at 2. The new briefing schedule also set Gilley's third-stage brief to be due by May 24, 2023, and UO's optional fourth-stage due by no later than June 14, 2023. Ninth Cir. Dkt. 18 at 2.

4

Effectively, UO's filing of the cross-appeal has already extended the conclusion of the briefing period by almost two months, from April 21 to June 14. In addition, UO already received a 26-day extension by virtue of the stay of the briefing schedule, a benefit not given to Gilley. UO does not need, and should not get, yet another extension.

III.    MR. CARP IS ONE OF THREE ATTORNEYS REPRESENTING UO

There are now three attorneys of record for UO. Just because one of them is busy, that does not justify further delays. UO's lead counsel, Mr. Isaak and Mr. English, have been attorneys of record at the district-court level and on appeal, without interruption. Ninth Cir. Dkt. 13-2 at 3-4, 13-3 at 120.

Mr. Carp served as attorney of record at the district court level, but withdrew on February 17, 2023, after Gilley filed his appeal. Ninth Cir. Dkt. 13-3 at 116. It was only about two weeks ago, on April 5, 2023, that Mr. Carp belatedly filed a notice of appearance in this appeal. Ninth Cir. Dkt. 19. Mr. Carp claims that he is the attorney with primary responsibility for preparing UO's combined answering and opening brief, Ninth Cir. Dkt. 21-2 at 4, but the record reflects there are other attorneys that are presumptively available to work on this matter and

5

are not newcomers to this representation. The record is devoid of any evidence that either Mr. Isaak or Mr. English is unavailable to work on this appeal and keep it moving forward on the already-delayed schedule.

Further, Mr. Carp's contention that the new briefing schedule conflicts with existing work obligations, *see* Ninth Cir. Dkt. 21-1 at 4-5, does not set forth diligence or a substantial need, but rather describes a busy work schedule, which can be expected of many, if not most successful attorneys. *See* Ninth Cir. R. 31-2.2(b). The Court should deny UO's request for an extension.

## CONCLUSION

This Court should deny Defendants' request for additional time for lack of diligence and substantial need.

Respectfully submitted,

Dated: April 20, 2023

*s/D. Angus Lee*
D. Angus Lee
ANGUS LEE LAW FIRM, PLLC
9105 NE Highway 99, Suite 200
Vancouver, WA 98665-8974
(360) 635-6464
angus@anguscleelaw.com

*s/Endel Kolde*
Endel Kolde
Stephanie Brown
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., N.W., Ste. 801
Washington, DC 20036
202-301-3300
dkolde@ifs.org
sbrown@ifs.org

Certification

I hereby certify that this brief complies with the requirements of Fed.

R. App. P. 27(d) and is set in 14-point Century Schoolbook font.

*s/Endel Kolde*